IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| KEITH C. LONG and JAMMIE L. LONG, ) | |
| ) | |
|     Plaintiffs, ) | CIVIL ACTION |
| ) | |
| and ) | NO. 1:02-CV-1235-CC |
| ) | |
| PHILIPS & BROOKS/GLADWIN, INC., ) | |
| and THE TRAVELERS INSURANCE ) | |
| COMPANY, ) | |
| ) | |
|     Plaintiffs/Intervenors, ) | |
| ) | |
| AMADA AMERICA, INC., ) | |
| ) | |
|     Defendant. ) | |

## PLAINTIFFS' RESPONSE TO DEFENDANT'S MOTION FOR TRIFURCATION

Plaintiffs, Keith and Jammie Long, through counsel, respond to Defendant's Motion for Trifurcation.

Plaintiffs oppose this attempt to unduly restrict the presentation of their evidence during the trial of this case. There are absolutely no efficiencies to be accomplished by following the Defendant's proposal for fragmentation of the trial of the case. Georgia law already requires that evidence regarding the amount of punitive damages be tried separately in the last phase of a trial, because certain

1

evidence relating to the net worth of the Defendant would be admissible only with respect to punitive damages.  Thus, some fragmentation of the trial of this case will be necessary.

However, Defendant's Motion seeks an awkward and non-sensical presentation of the case involving not two but three phases, as follows:

First Phase: A determination of Defendant's duty.

Second Phase: A determination of proximate cause, compensatory damages and liability for punitive damages.

Third Phase: A determination of the amount of punitive damages.[1]

Issues of duty, breach of duty and proximate cause, all of which relate to liability for compensatory damages, cannot be isolated and tried separately as Defendant's propose.  An attempt to so limit and fragment Plaintiff's case would be unduly prejudicial and grossly unfair.  Evidence relevant to the issue of the Defendant's duty cannot logically be separated from evidence relating to whether or not that duty was breached and whether such breach of duty was the proximate cause of Keith Long's injuries.

Defendant argues that the Plaintiffs' evidence on damages will be lengthy, pointing to the number of witnesses listed in the proposed Pre-Trial Order.

---

[1] Defendant's Motion and Brief, page 4.

However, as this Court knows, such a comprehensive listing of potential witnesses is no real indication as to the number of witnesses that will actually be called during the course of the case. Counsel for Plaintiffs fully intend to efficiently present their damage evidence in a manner which will not unduly prolong the trial of the case or run the risk of losing the jury's attention. Thus, Defendant's arguments relating to the efficient use of judicial resources is misplaced. In fact, Defendant's proposal may well require Plaintiffs to call more than one witness to the stand on more than one occasion, thus leading to a much less efficient presentation of the case.

As an experienced trial judge, this Court fully recognizes that a fragmented and disjointed trial will be a disservice to the administration of justice, will be confusing to the jury and may result in serious prejudice to the Plaintiffs. In light of the fact that the issue of the amount of punitive damages must, under Georgia law, be tried separately, there is absolutely no reason to further fragment the presentation of this case. For the foregoing reasons, Defendant's Motion should be denied.

In compliance with LR 7.1 D., counsel for Plaintiffs certifies that this pleading has been prepared with one of the font and point selections approved by LR 5.1B.

Respectfully submitted,

DOFFERMYRE SHIELDS
CANFIELD KNOWLES & DEVINE, LLC


   *s/Foy R. Devine*
FOY R. DEVINE
Georgia Bar No. 219900
SHERYL L. MCCALLA
Georgia Bar No. 710260

COUNSEL FOR PLAINTIFFS

1355 Peachtree Street, N. E.
The Peachtree, Suite 1600
Atlanta, Georgia 30309-3238
Telephone:  (404) 881-8900
Fax:  (404) 881-3007
fdevine@dsckd.com
smccalla@dsckd.com

4

## CERTIFICATE OF SERVICE

I hereby certify that on May 19, 2006 I electronically filed **PLAINTIFFS' RESPONSE TO DEFENDANT'S MOTION FOR TRIFURCATION** with the Clerk of Court using the CM/ECF system which will automatically send e-mail notification of such filing to the following attorneys of record:

> Carol P. Michel
> Howard J. Russell
> Matthew J. Ashby
> Laurel C. Schmitt
> Cannon C. Alsobrook

>             *s/Foy R. Devine*
> Foy R. Devine
> Georgia Bar No. 219900
> COUNSEL FOR PLAINTIFF

Doffermyre Shields Canfield
  Knowles & Devine, LLC
1355 Peachtree Street, N. E.
The Peachtree, Suite 1600
Atlanta, Georgia 30309-3238
Telephone:  (404) 881-8900
Fax:  (404) 881-3007
Email:  fdevine@dsckd.com