# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| KEITH C. LONG and JAMMIE L. LONG, ) <br> ) <br> Plaintiffs, ) <br> ) <br> vs. ) <br> ) <br> PHILLIPS & BROOKS/GLADWIN, INC. ) <br> and THE TRAVELERS INSURANCE ) <br> CO., ) <br> ) <br> Plaintiffs/Intervenors, ) <br> ) <br> vs. ) <br> ) <br> AMADA AMERICA, INC. ) <br> ) <br> Defendant. ) <br> _____ ) | CIVIL ACTION <br><br> FILE NO. 1:02-CV-1235-CC |

## DEFENDANT AMADA AMERICA, INC.'S REPLY
## TO RESPONSE TO MOTION FOR TRIFURCATION

COMES NOW **Amada America, Inc. ("Amada")**, Defendant herein, and files this its Reply to Plaintiffs' Response to Amada's Motion to trifurcate this matter into phases for liability, compensatory damages, and punitive damages.

Amada's proposed division is not awkward, but rather assures that the jury will be permitted to resolve the primary liability issues in this matter in an abbreviated and unbiased proceeding. The Court is well-aware that the most hotly

contested issue in this case is whether Amada was under any duty to install safeguarding or to warn of potential dangers of the subject press brake. This is a narrow question under the rule articulated in *Barry*, and the question of whether Amada breached any duty under the service contract between AESI and PBG is similarly narrow. Contrary to Plaintiffs' contention, the issues of duty and breach are not so intertwined with issues of damages so as to preclude separate phases of trial.

Plaintiffs claim they will "efficiently" present their case on damages, but even an "efficient" presentation cannot avoid the numerous surgeries Mr. Long underwent. Plaintiffs will no doubt present substantial evidence on Mr. Long's injuries, special damages and general damages. The potential is small that the jury, after hearing several days of damages testimony, could remain unbiased or objective. Separate phases for liability and damages are the means to avoid that prejudice.

## CONCLUSION

For the reasons set forth above and in its moving Brief, Amada prays that its Motion be GRANTED, and that the Court trifurcate this action into separate phases for 1) liability on the part of Amada for a breach of a duty owed to Plaintiffs; 2)

causation, compensatory damages, and liability for punitive damages; and, if appropriate, 3) the amount of punitive damages.

Pursuant to LR 7.1D, counsel for Defendant certifies that this pleading has been prepared with one of the font and point selections approved by LR 5.1B.

Respectfully submitted, this 31st day of May, 2006.

WEINBERG, WHEELER, HUDGINS,
GUNN & DIAL, LLC

/s/ Howard J. Russell
Carol P. Michel
Georgia Bar No. 504046
Howard J. Russell
Georgia Bar No. 630632

950 East Paces Ferry Rd.
Suite 3000
Atlanta, Georgia  30326
(404) 876-2700

# CERTIFICATE OF SERVICE

I certify that on May 31, 2006, I electronically filed DEFENDANT AMADA AMERICA, INC.'S REPLY TO RESPONSE TO MOTION FOR TRIFURCATION with the Clerk of Court using the CM/ECF system which will automatically send e-mail notification of such filing to the following attorneys of record:

>Foy R. Devine, Esq. (also served by U.S. postage prepaid mail)
>Doffermyre, Shields, Canfield, Knowles & Devine
>Suite 1600, 1355 Peachtree Street
>Atlanta, GA 30309

>Matthew J. Ashby, Esq. (also served by U.S. postage prepaid mail)
>Laurel C. Schmitt, Esq.
>Savell & Williams, LLP
>1500 The Equitable Building
>100 Peachtree Street
>Atlanta, Georgia  30303

This 31st day of May, 2006.

WEINBERG, WHEELER, HUDGINS,
GUNN & DIAL, LLC

/s/ Howard J. Russell
Howard J. Russell
Georgia Bar No. 630632

950 East Paces Ferry Rd., Suite 3000
Atlanta, Georgia  30326
(404) 876-2700